Colorado Capital Invs. v Taveras (2026 NY Slip Op 50306(U))

[*1]

Colorado Capital Invs. v Taveras

2026 NY Slip Op 50306(U)

Decided on March 13, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

570011/26

Colorado Capital Investments, Successor in Interest to Discover, Plaintiff-Respondent,
againstGabriela Taveras, Defendant-Appellant.

Defendant appeals an order of the Civil Court of the City of New York, Bronx County (Jessica I. Bourbon, J.), dated October 10, 2024, which denied her motion to vacate a default judgment pursuant to CPLR 5015 (a) (4) and CPLR 5015 (a) (1).

Per Curiam.
Order (Jessica I. Bourbon, J.), dated October 10, 2024, reversed, without costs, defendant's motion to vacate the default judgment is granted to the extent of setting the matter down for a traverse hearing to determine whether defendant was properly served, and for further proceedings in accordance herewith.
"While a proper affidavit of a process server attesting to personal delivery . . . constitutes prima facie evidence of proper service, a sworn nonconclusory denial of service by a defendant is sufficient to dispute the veracity or content of the affidavit, requiring a traverse hearing" (NYCTL 1998-1 Trust & Bank of NY v Rabinowitz, 7 AD3d 459, 460 [2004]; see also Bank of Am., N.A. v Diaz, 160 AD3d 457, 458-459 [2018]). On this record, defendant's affidavit and supporting documentary evidence raise a factual issue as to whether the "affix and mail" method of service was effectuated at the wrong apartment in the building where defendant resided.
Contrary to plaintiff's assertions, a motion pursuant to CPLR 5015 (a) (4) has no stated time limit and can be made at any time (see Caba v Rai, 63 AD3d 578, 580 [2009]). Nor can defendant be deemed to have waived her jurisdictional objection where no showing was made that defendant "explicitly or implicitly participated in the action, thus acknowledging the validity of the judgment, or demonstrated a lack of good faith or delay in asserting [her] rights" (HSBC Bank USA v A & R Trucking Co., Inc., 66 AD3d 606, 607 [2009]). The mere fact that defendant made a single payment pursuant to a restraint on her bank account more than one year earlier "without taking some action is not, without more, a proper basis for finding waiver of the ability to seek relief under CPLR 5015 (a) (4)" (Esgro Capital Mgt., LLC v Banks, 222 AD3d 433, 433 [2023]; see also Wilmington Sav. Fund Socy., FSB v Akitoye, 237 AD3d 782, 784 [2025]).
"Whether or not service was properly effectuated is a threshold issue to be determined before consideration of discretionary relief pursuant to CPLR 5015 (a) (1)" (Marable v Williams, 278 AD2d 459, 459 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 13, 2026